FREEMAN *v.* MAXWELL, WARDEN.

(No. 39433—Decided October 6, 1965.)

*Mr. Jerome B. Freeman,* in propria persona.
*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* The questions to be determined are:
(1) Whether the existence of the remedies provided by those statutes should prevent providing such remedies in an action in habeas corpus; and
(2) If so, whether such effect should be given to those statutes in habeas corpus actions that were pending and undisposed of on the effective date of those statutes.

Until recently, this court held that relief should not be given to a prisoner in habeas corpus where it appeared that the prisoner was being held pursuant to a judgment of conviction of a court of record which had jurisdiction to render that judgment. *Ex parte Van Hagan,* 25 Ohio St. 426; *Burns* v. *Tarbox, Sheriff,* 76 Ohio St. 520; *In re Burson,* 152 Ohio St. 375.

Section 2725.05, Revised Code, which is declaratory of the common law in this state, reads as follows:

"If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. If the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order."

In recent years, decisions of the Supreme Court of the United States have permitted prisoners to collaterally attack their judgments of conviction. See *Linkletter* v. *Walker, Warden* (1965), 14 L. Ed. 2d 601. The Supreme Court of the United States has suggested that a state must permit such a collateral attack on a judgment of conviction where such judgment was based on a denial of the prisoner's rights under the Constitution of the United States. See *Case* v. *Nebraska* (1965), 14 L. Ed. 2d 422.

Because there was no other adequate means of collaterally attacking such a judgment of conviction, this court has recently

been permitting such attacks in habeas corpus proceedings. The only reason for permitting this extension of the right to relief in habeas corpus was that there was no other adequate remedy available in the ordinary course of the law to assert and establish that the judgment of conviction had denied the prisoner his constitutional rights. After enactment of Sections 2953.21 to 2953.24, inclusive, Revised Code, that reason for permitting such an extension of the right to relief in habeas corpus no longer exists.

It is apparent that the General Assembly intended those statutes to apply to pending habeas corpus actions. This is evidenced by Section 2 of the Act (131 Ohio Laws , Amended Senate Bill No. 383), which reads as follows:

"This Act is hereby declared to be an emergency measure necessary for the immediate preservation of the public peace, health, and safety. The reason for such necessity lies in the fact that habeas corpus petitions proceedings alleging violation of constitutional rights have increased in the courts to such an extent that a new procedure appears to be the best method of protecting constitutional rights of individuals and, at the same time, providing a more orderly method of hearing such matters. Therefore, this act shall go into immediate effect."

In *Case* v. *Nebraska, supra,* when confronted with the same question, the Supreme Court of the United States applied such an act to a pending case.

Our conclusion is that the availability of the postconviction remedies provided by Sections 2953.21 to 2953.24, inclusive, Revised Code, is ground for denial of such remedies in pending as well as future habeas corpus actions.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.