MILLER *v.* MAXWELL, WARDEN.

[Cite as Miller v. Maxwell, Warden, 9 Ohio Misc. 93.]

(No. 228024—Decided October 10, 1966.)

Common Pleas Court of Franklin County.

*Mr. Albert S. Miller, in propria persona.*

*Mr. William B. Saxbe,* attorney general, and *Mr. Leo J. Conway,* for respondent.

MARSHALL, J.  On September 8, 1966, petitioner filed his petition for a writ of habeas corpus.  He alleged he was sentenced to the Ohio Penitentiary by the Common Pleas Court of Summit County, Ohio, which court was without jurisdiction to do so, and that such sentence violated his constitutional rights.  On the same day this court ordered petitioner to be brought to the court on September 23, 1966, at 10:30 a. m. in order to determine whether he should be retained in the custody of the warden of the Ohio Penitentiary, or be releasd on said petition in habeas corpus.

On September 22, 1966, respondent moved to dismiss the petition for a writ of habeas corpus for the reason that the sentencing court did have jurisdiction to render the judgment of sentence and that therefore habeas corpus did not lie.

Petitioner was brought before this court on September 23, 1966, at 10:30 a. m. and the court considered both the motion of respondent and the petition of petitioner for a writ of habeas corpus.

The court was furnished exact copies of the indictment, the journal entry of sentence, and certified copy of sentence.

The indictment, dated July 10, 1964, charged in the first count that on February 25, 1964, petitioner uttered a check for $4.00 with insufficient funds in Summit County, and in the second count that he uttered a similar bad check for $35.00 on March 21, 1964, both in violation of Section 1115.23, Revised Code.

The journal entry of September 22, 1965, shows that on July 20, 1964, petitioner entered a plea of not guilty to the two counts contained in the indictment, but on September 25, 1964, he withdrew his plea of not guilty and entered a plea of guilty in open court, and was then placed on probation for a period of five years. It further showed that on August 2, 1965, the petitioner was brought back to court as a probation violator. The court found petitioner probably not sane and committed him to Lima State Hospital under Section 2945.40, Revised Code. After petitioner's return from Lima, the court found him not mentally ill and thereupon on September 22, 1965, the court sentenced him to the Ohio Penitentiary to serve concurrent sentences on the two counts of issuing checks with insufficient funds.

Section 2725.05, Revised Code, reads as follows:

"If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. If the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order."

In construing this section the Supreme Court of Ohio has consistently held that where it appears that a prisoner was being held pursuant to a judgment of conviction of a court of record which had jurisdiction to render that judgment, relief in habeas corpus should not be given. *In re Burson*, 152 Ohio St. 375 (decided December 21, 1949).

This rule was relaxed when it appeared that the state of Ohio provided no adequate remedy by which a state prisoner, alleging certain constitutional violations, could attack his judgment of conviction collaterally. This situation was corrected

by the passage of Amended Senate Bill 383, Postconviction determination of Constitutional rights, which enacted Sections 2953.21 to 2953.24, inclusive, Revised Code (effective July 21, 1965).

Section 2953.21, Revised Code, provides in pertinent part:

"A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence."

On October 6, 1965, the Supreme Court of Ohio in denying the writ of habeas corpus sought stated in a per curiam opinion:

"The questions to be determined are:

"(1) Whether the existence of the remedies provided by those statutes should prevent providing such remedies in an action in habeas corpus; and

"(2) If so, whether such effect should be given to those statutes in habeas corpus actions that were pending and undisposed of on the effective date of those statutes." *Freeman* v. *Maxwell, Warden,* 4 Ohio St. 2d 4, 5.

It then held on page 6:

"Our conclusion is that the availability of the postconviction remedies provided by Sections 2953.21 to 2953.24, inclusive, Revised Code, is ground for denial of such remedies in pending as well as future habeas corpus actions."

On October 13, 1965, the court then dismissed the pending 94 habeas corpus actions which had not theretofore been acted upon, citing *Freeman* v. *Maxwell, supra,* as a basis therefor.

Then on July 6, 1966, the court decided the case of *In re Piazza,* 7 Ohio St. 2d 102. In that case it held in a per curiam opinion:

"Habeas corpus may not be used as a substitute for appeal nor may it be resorted to where an adequate statutory remedy for review of the questions presented exists."

Mr. Justice Brennan in a concurring opinion in *Case* v. *Nebraska,* 381 U. S. 336 (1965), indicated the great need for the finality of state court determinations of federal constitutional questions. There is just as great a need for a finality of judg-

ment in the state courts. Hence the Legislature provided for the appeal of the Common Pleas Court decision in Section 2953.23, Revised Code, pursuant to Chapter 2505, Revised Code.

There is no indication that petitioner sought a post-conviction determination of his constitutional rights in Summit County, Ohio, under Sections 2953.21 to 2953.24, inclusive, Revised Code.

We find that the sentencing court, the Common Pleas Court of Summit County, Ohio, had jurisdiction to render the judgment of sentence it made on September 22, 1965. Therefore, habeas corpus does not lie in this court.

The motion of respondent to dismiss the petition for a writ of habeas corpus is sustained, and said petition is dismissed.

*Petition dismissed.*