DECISION AND JUDGMENT ENTRY
This is an appeal from a Pickaway County Common Pleas Court judgment dismissing a petition for postconviction relief filed by Martin L. Hatton, defendant below and appellant herein.
Appellant raises the following assignment of error for review:
 "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION FOR POST CONVICTION RELIEF WHERE HE PRESENTED SUFFICIENT OPERATIVE FACTS AND ARGUMENT TO SHOW THERE WERE NUMEROUS DENIALS AND INFRINGEMENTS OF PETITIONER'S CONSTITUTIONAL RIGHTS THEREBY ENTITLING HIM TO AN EVIDENTIARY HEARING."
Our review of the record reveals the following pertinent facts. On June 5, 1997, a jury found appellant guilty of aggravated burglary, kidnapping, felonious assault, rape, and theft.[2] On July 29, 1997, the trial court sentenced appellant. Appellant appealed the trial court's judgment of conviction and sentence, raising six assignments of error.[3] We found no merit to appellant's assignments of error and affirmed the trial court's judgment.
On June 12, 1998, during the pendency of appellant's direct appeal, appellant filed a petition for postconviction relief claiming that his convictions and sentences are void or voidable. Appellant advanced several arguments in support of the claims for relief raised in his petition. The arguments can be summarized as follows: (1) the state concealed, suppressed, and failed to disclose relevant, exculpatory evidence; (2) one of the state's witnesses testified falsely; (3) appellant received ineffective assistance of trial counsel because (a) counsel failed to locate an appropriate expert witness to explain the presence of the B allele, (b) counsel failed to request a continuance in order to locate an appropriate expert, (c) counsel failed to locate an appropriate expert witness to perform a DNA analysis on the black pubic hair, (d) counsel failed to call appellant's wife as a witness to explain that she could have been the source of the brown pubic hair found in appellant's standard, (e) counsel failed to file a motion for a change of venue, (f) counsel failed to request the trial court to merge the rape and felonious assault charges for sentencing purposes; and (4) appellant is innocent of the charges.
Appellant attached to his petition the affidavit of Christie T. Davis, Ph.D., and the affidavit of Keith Lehmkuhl. In her affidavit, Davis stated that she reviewed the following materials: (1) a Crime Laboratory Report; (2) a color photograph of PM+DQA1 test strips; (3) a set of laboratory notes; (4) the emergency department report from Berger Hospital; (5) Raman Tejwani's testimony; and (6) Larry Dehus' testimony. Based upon her review of the foregoing materials, Davis opined that the state's DNA analysis of the sperm samples was contaminated and improperly performed. Davis also opined that the state's DNA report failed to account for the presence of a B allele at the D768 genetic marker. Davis stated that the presence of the B allele indicated either that appellant was not a contributor to the semen or that another individual contributed to the semen sample. Davis noted that sperm could be "transferred in many ways, such as in the laundry hamper where the girl's clothes mingle with her father's or sexually active parents' undergarments. In addition, sperm can be transferred in the wash itself." Davis' affidavit further revealed her agreement with the state's DNA analyst, Raman Tejwani. Davis stated that she agreed with Tejwani's report that stated that the DNA test results were "inconclusive." Davis ultimately concluded: "There are alleles present at both D768 and GQA1 loci from the sperm fractions of both the vaginal swab(s) and panties samples that are foreign to Dunn, Hatton and Combs, indicating the either the [sic] exclusion of Hatton, or the presence of a fourth person."
In his affidavit, Lehmkuhl states that he was a cellmate of appellant's co-defendant, Ricky Dunn. Lehmkuhl indicated that Dunn informed him that appellant "was not the individual who was with him on the night of January 18, 1997, when this crime was committed." Lehmkuhl stated that Dunn advised him that Dunn told the police appellant was involved "because he `wanted to take the heat off of himself and the police were putting pressure on him to turn over the other guy.'"
On December 29, 1999, the trial court, having stayed the postconviction relief proceedings during the pendency of appellant's direct appeal, dismissed appellant's petition without holding an evidentiary hearing. The trial court issued detailed findings of fact and conclusions of law and a thorough decision and entry and determined therein that appellant failed to establish that an evidentiary hearing was warranted. The trial court found that res judicata barred most of appellant's claims for relief. With respect to Lehmkuhl's affidavit, the trial court found that the affidavit contained hearsay statements. The trial court also noted that Lehmkuhl is a convicted felon. Moreover, the trial court concluded that Lehmkuhl's statements, had they been admitted at trial, would only have had relevance to impeach Dunn's testimony. Thus, the trial court determined that Lehmkuhl's testimony would not create a strong probability of a different result at trial. The trial court further noted that the state presented substantial credible evidence that appellant was involved in the crimes.
Appellant filed a timely notice of appeal from the trial court's judgment dismissing his petition.
In his sole assignment of error, appellant argues that the trial court erred by dismissing his petition for postconviction relief without holding an evidentiary hearing. Appellant contends that his petition sufficiently demonstrates that substantive grounds for relief exist and thus that he is entitled to an evidentiary hearing. We disagree with appellant.
The postconviction relief statute, R.C. 2953.21,[4] provides a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution. See R.C. 2953.21 (A) (1); See, e.g., State v.Calhoun (1999), 86 Ohio St.3d 279, 281, 714 N.E.2d 905, 909;Freeman v. Maxwell (1965), 4 Ohio St.2d 4, 210 N.E.2d 885. To prevail on a postconviction relief petition, a petitioner must establish that he suffered an infringement or deprivation of his constitutional rights. See R.C. 2953.21 (A) (1); See, e.g.,Calhoun.
The postconviction statute is not intended, however, to permit "a full blown retrial of the [petitioner's] case." State v.Robison (June 19, 1989), Pickaway App. No. 88 CA 15, unreported. Rather, "adjudication is confined solely to claimed constitutional violations." Id. "[C]laimed procedural or other errors at trial not involving constitutional rights are not relevant or subject to review." Id.; see, also, State v. Akers
(Feb. 2, 1998), Lawrence App. No. 97 CA 22, unreported.
The filing of a petition for postconviction relief does not automatically entitle the petitioner to an evidentiary hearing. See, e.g., Calhoun, 86 Ohio St.3d at 282, 714 N.E.2d at 910
(citing State v. Cole (1982), 2 Ohio St.3d 112, 443 N.E.2d 169). The trial court first must determine whether substantive grounds for relief exists. R.C. 2953.21 (C); Calhoun,86 Ohio St.3d at 282-283, 714 N.E.2d at 910. Substantive grounds for relief exist and a hearing is warranted if the petitioner produces sufficient credible evidence to demonstrate that the petitioner suffered a violation of the petitioner's constitutional rights. Id.; Statev. Jackson (1980), 64 Ohio St.2d 107, 112, 413 N.E.2d 819, 823, syllabus. Moreover, before a hearing is warranted, the petitioner must demonstrate that the claimed "errors resulted in prejudice."Calhoun, 86 Ohio St.3d at 283, 714 N.E.2d at 910. The decision to grant the petitioner an evidentiary hearing is left to the sound discretion of the trial court. See Calhoun, 86 Ohio St.3d at 284,714 N.E.2d at 911 (stating that the postconviction relief "statute clearly calls for discretion in determining whether to grant a hearing")
In determining whether substantive grounds for relief exist, the trial court must examine the petition, any supporting affidavits, any documentary evidence, and all the files and records from the case. R.C. 2953.21 (C). In reviewing any supporting affidavits, the trial court need not accept the affidavits as true.[5] Calhoun, 86 Ohio St.3d at 284,714 N.E.2d at 911. Rather, a trial court may assess the credibility of the affiant. As the court explained in Calhoun:
 "[I]n reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact. To hold otherwise would require a hearing for every postconviction relief petition. Because the statute clearly calls for discretion in determining whether to grant a hearing, accepting all supporting affidavits as true is certainly not what the statute intended."
Calhoun, 86 Ohio St.3d at 284, 714 N.E.2d at 911.
The Calhoun court noted as follows with respect to evaluating the credibility of an affidavit:
 "* * * * [I]n assessing the credibility of affidavit testimony in so-called paper hearings, [trial courts] should consider all relevant factors. [State v. Moore
(1994), 99 Ohio App.3d 748,] 754, 651 N.E.2d [1319,] 1323. Among those factors are (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony. Id. at 754-756, 651 N.E.2d at 1323-1324.
 Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility. Such a decision should be within the discretion of the trial court. A trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur."
Calhoun, 86 Ohio St.3d at 284-85, 714 N.E.2d at 911-12.
Moreover, a postconviction relief hearing is not warranted for claims that were raised or could have been raised on direct appeal. State v. Reynolds (1997), 79 Ohio St.3d 158, 161,679 N.E.2d 1131, 1133. Res judicata will operate as a bar to any claim that was raised or could have been raised on direct appeal. See, e.g., State v. Lentz (1994), 70 Ohio St.3d 527,639 N.E.2d 784; State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, syllabus. As the court explained in Perry:
 "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment."
Furthermore, when a defendant, "represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief." State v. Cole (1982), 2 Ohio St.3d 112,443 N.E.2d 169, syllabus; see, also, Lentz.
In the case at bar, we agree with the trial court's conclusion that appellant failed to demonstrate that substantive grounds for relief exist that warrant an evidentiary hearing. We find no abuse of the trial court's discretion. We agree with the trial court that res judicata bars the majority of appellant's claims for relief. With respect to appellant's remaining claims, we do not believe that the trial court abused its discretion by determining that appellant failed to present sufficient credible evidence to warrant an evidentiary hearing.
Appellant raised the following arguments on direct appeal and he also raises the arguments in his postconviction relief petition: (1) the state concealed, suppressed, and failed to disclose relevant, exculpatory evidence;[6] (2) trial counsel rendered ineffective assistance of counsel by failing to file a motion for a change of venue;[7] and (3) trial counsel was ineffective for failing to request the trial court to merge the rape and felonious assault convictions for sentencing purposes.[8] Because appellant retained new counsel for his direct appeal, appellant's remaining claims of ineffective assistance of counsel could have been raised on direct appeal. See Cole, supra. Thus, because appellant raised or could have raised the arguments he now raises in his postconviction relief petition on direct appeal, the claims may not be entertained in a postconviction relief petition.
Moreover, we note that simply because a defendant, after conviction, locates an expert witness who reviews the same evidence that was presented at trial and who would present an opinion arguably more favorable to the defendant does not entitle the defendant to a new trial. Having a new expert review material that was available during the trial court proceedings does not give rise to a valid postconviction relief claim. As the court explained in State v. Bryant-Bey (June 16, 2000), Lucas App. No. L-97-1425, unreported: "A postconviction petition does not show ineffective assistance merely because it presents a new expert opinion that is different from that presented at trial." To hold otherwise would open the floodgates to continual postconviction litigation and would encourage criminal defendants, after a conviction by twelve of their peers, to concoct new claims for relief and to seek out experts who would render favorable opinions in support of their claims for relief.
We further note that Davis' affidavit is not altogether different from the testimony of appellant's defense expert, Larry Dehus. Dehus, like Davis, opined that the DNA test results indicated that a person other than the victim, Dunn, or appellant contributed to the sperm sample.
With respect to appellant's argument that Tejwani, the state's DNA analyst, testified falsely, we note that nothing in appellant's petition demonstrates that Tejwani testified falsely. Appellant's argument that Davis' affidavit demonstrates that Tejwani testified falsely is without merit. Davis stated that she agreed with Tejwani's conclusion that the DNA test results were inconclusive.
We also agree with the trial court's conclusion that Lehmkuhl's affidavit does not help appellant demonstrate that substantive grounds for relief exist and warrant an evidentiary hearing. A trial court may evaluate the credibility of an affidavit submitted along with a postconviction relief petition. SeeCalhoun, supra. We note that the trial judge reviewing the postconviction relief petition also presided at trial. As the trial court noted, Lehmkuhl's affidavit contains hearsay statements, and thus do not carry as much weight as a statement made by the declarant. Moreover, the trial court noted that Lehmkuhl is a convicted felon. Furthermore, the trial court noted that the state presented evidence at trial that contradicts the statements contained in Lehmkuhl's affidavit. The alleged declarant in Lehmkuhl's affidavit and appellant's co-defendant, Ricky Dunn, testified at trial that appellant was involved in the crimes. Additionally, the sweatshirt appellant had been wearing on the night in question contained semen. We do not believe that the trial court abused its discretion by determining that Lehmkuhl's affidavit lacked sufficient credibility to demonstrate that appellant is entitled to an evidentiary hearing regarding his postconviction relief petition.
Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J. Evans, J.: Concur in Judgment Opinion
 _____________________ Peter B. Abele, Judge
[2] Additional facts may be found in our opinion from appellant's direct appeal. See State v. Hatton (Apr. 19, 1999), Pickaway App. No. 97 CA 34, unreported.
[3] In his direct appeal, appellant raised, and we addressed, the following arguments and assignments of error: (1) appellant received ineffective assistance of trial counsel because, interalia, (a) counsel failed to file a motion for a change of venue; (b) counsel failed to properly acquire and examine evidence and reports; (c) counsel failed to employ reasonable standards of trial strategy by, inter alia, failing to move for a mistrial or a continuance upon the discovery of the black pubic hair and of the "B" DNA gene; (2) appellant did not receive a fair trial due to prosecutorial misconduct; (3) appellant did not receive a fair trial due to the state's alleged failure to disclose exculpatory evidence; (4) the manifest weight of the evidence does not support appellant's convictions; (5) the rape and felonious assault charges should have been merged; and (6) appellant was denied his right to a speedy trial.
[4] The statute provides as follows:
 (A) (1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
* * *
 (C) * * * Before granting a hearing on the petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized record of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
 (D) Within ten days after the docketing of the petition, or within any further time that the court may affix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are made up, either party may move for summary judgment. The right to summary judgment shall appear on the face of the record.
 (E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.
[5] Thus, we disagree with appellant's assertion to the contrary. See page 4 of appellant's brief.
[6] We addressed the argument that the state concealed evidence in appellant's third assignment of error.
[7] We addressed the argument that trial counsel was ineffective for failing to file a motion for a change of venue in appellant's first assignment of error.
[8] In appellant's fifth assignment of error, we determined that rape and felonious assault do not constitute allied offenses of similar import and need not be merged for sentencing purposes. Moreover, appellant, represented by new counsel on direct appeal, could have raised the issue of trial counsel's ineffectiveness.