DECISION AND JUDGMENT ENTRY
This is an appeal from a Ross County Common Pleas Court judgment denying the petition for postconviction relief filed by Aric Walker, defendant below and appellant herein.
Appellant raises the following assignment of error for review:
 "APPELLANT WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL."
Our review of the record reveals the following pertinent facts. On June 1, 1999, the trial court, following a jury trial, convicted and sentenced appellant for committing the offense of felonious assault, in violation of R.C. 2903.11. On June 10, 1999, appellant filed a notice of appeal from the trial court's judgment of conviction and sentence.
In his direct appeal of the trial court's judgment of conviction and sentence, appellant argued that he received ineffective assistance of counsel: (1) because his counsel failed to request jury instructions on the lesser included offense of negligent assault and of the lesser charged offense of aggravated assault; and (2) because his counsel failed to move for a judgment of acquittal pursuant to Crim.R. 29. On June 26, 2000, this court overruled appellant's assignments of error and affirmed the trial court's judgment. See State v. Walker (June 26, 2000), Ross App. No. 2494, unreported. Additional facts are stated in our prior opinion.
During the pendency of his direct appeal, appellant, on January 19, 2000, filed a petition for postconviction relief. In his petition appellant argued that he received ineffective assistance of counsel because his trial counsel failed to call two witnesses who, appellant argues, would have provided exculpatory testimony. Appellant noted that his defense consisted of a denial that he shot the gun into the crowd. Appellant further noted that the testimony of the two witnesses in question, given during a preliminary hearing held in the case against appellant's co-defendant, Chad Zehner, could have corroborated appellant's position that he did not fire the gun into the crowd, but rather, that he fired the gun into the air.
On February 16, 2000, the trial court held an evidentiary hearing to consider appellant's postconviction relief petition. At the hearing, appellant submitted the transcript of the Zehner preliminary hearing. The transcript revealed that the two witnesses, Michele Hairwood and Tiffany Beverly, would have testified that although they did not see appellant shoot the gun into the crowd, both saw the gun in appellant's hand. Additionally, both witnesses stated that they did not observe all of the shots fired.
Specifically, Hairwood testified that when "the gunshots were going off" Zehner was "nowhere around." Hairwood stated that she saw appellant retrieve the gun from the automobile and start shooting. Hairwood testified that although she did not see appellant shoot into the crowd, Zehner was nowhere around when the gunshots were fired.
Beverly testified that she saw appellant shooting the gun and that Zehner was located on the other side of the car. She further stated that she observed the fourth and fifth shots fired into the air and that appellant fired the fourth shot. Beverly testified that she did not see any other shots fired.
At the postconviction relief hearing, appellant's trial counsel, Daniel Silcott, testified. Silcott stated that he had reviewed the Zehner preliminary hearing transcript prior to appellant's trial and decided not to call them as witnesses. Silcott explained why he chose not to call the witnesses as follows:
 "The testimony of those two witnesses was that they saw Mr. Walker firing a gun. That particular hearing was with regard to a co-defendant and they were testifying that they only saw Mr. Walker, I believe, fire the weapon and that they both turned and ran away. I do believe that they both said that they saw him fire it into the air * * *. I didn't think that they were significantly exculpatory in their testimony to Mr. Walker."
Silcott further explained that he did not believe that the two witnesses would add anything to the defense. He stated:
 "They both had put a weapon in Mr. Walker's hand and had him firing a weapon in a crowded street in some direction or another and it was my opinion that that was not exculpatory evidence necessarily. There were other witnesses that were going to do the same thing and other witnesses, I believe, that were going to testify as to virtually all those matters they did, including Mr. Walker himself."
On cross-examination, Silcott also testified that he chose not to call Hairwood because she had stated that appellant was the only person she ever saw with the gun, and that the co-defendant, Zehner, had run away and had never been in a position to have the gun.
On June 20, 2000, the trial court overruled appellant's petition. The trial court determined that trial counsel's decision not to call the two witnesses failed to establish ineffective assistance of counsel as contemplated by the Sixth Amendment. The trial court reasoned that trial counsel's decision could have been sound trial strategy, given that neither witness saw all of the shots fired and that both witnesses placed the gun in appellant's hands. Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant asserts that the trial court erred by overruling his postconviction relief petition which asserted that he received ineffective assistance of counsel. Appellant contends that his trial counsel's failure to call Hairwood and Beverly amounted to deficient performance and that the deficient performance prejudiced appellant's defense. Appellant argues that had trial counsel called Hairwood as a witness at trial, she would have testified that she did not see appellant shoot the gun at anyone, but that she saw him shoot into the air. Appellant asserts that had trial counsel called Beverly as a witness at his trial, she would have testified that she saw appellant shoot into the air. Appellant thus argues that his trial counsel's decision fails to constitute reasonable trial strategy and that the witnesses' testimony would have corroborated appellant's claim that he only shot into the air. Appellant argues that a reasonable probability exists that the result of the trial would have been different but for trial counsel's failure to call Beverly and Hairwood at trial.
The postconviction relief statute, R.C. 2953.21, provides a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution. See R.C.2953.21(A)(1); See, e.g., State v. Calhoun, (1999), 86 Ohio St.3d 279
283, 714 N.E.2d 905, 910; Freeman v. Maxwell, Warden (1965),4 Ohio St.2d 4, 210 N.E.2d 885. To prevail on a postconviction relief petition, a petitioner must establish that he suffered an infringement or deprivation of his constitutional rights. See R.C. 2953.21(A)(1); See,e.g., Calhoun; State v. Powell (1993), 90 Ohio App.3d 260, 629 N.E.2d 13, jurisdictional motion overruled 68 Ohio St.3d 1436, 625 N.E.2d 624; see, also, State v. Fuller (Jan. 31, 2000), Athens App. No. 99 CA 45, unreported.
In Ohio, a properly licensed attorney is presumed competent and the appellant bears the burden to establish counsel's ineffectiveness. Statev. Hamelin (1988), 37 Ohio St.3d 153, 524 N.E.2d 476, cert. den. (1988),488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550; Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 209 N.E.2d 164. To demonstrate that counsel rendered ineffective assistance of counsel, the defendant must show that counsel failed to function as the "counsel" contemplated by the Sixth Amendment.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674.
The Sixth Amendment right to counsel protects "the fundamental right to a fair trial." Id., 466 U.S. at 684, 104 S.Ct. 2052, 80 L.Ed.2d 674. "A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." Id., 466 U.S. at 685, 104 S.Ct. 2052,80 L.Ed.2d 674. Thus, effective counsel is one who "plays the role necessary to ensure that the trial is fair." Id., 466 U.S. at 685, 104 S.Ct. 2052,80 L.Ed.2d 674. Therefore, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id., 466 U.S. at 685-86,104 S.Ct. 2052, 80 L.Ed.2d 674.
To establish that defense counsel's conduct so undermined the functioning of the adversarial process, a defendant must establish: (1) that "counsel's performance was deficient"; and (2) that the "deficient performance prejudiced the defense." Id., 466 U.S. at 687,104 S.Ct. 2052, 80 L.Ed.2d 674.
Counsel's performance is deficient if he "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id., 466 U.S. at 687, 104 S.Ct. 2052,80 L.Ed.2d 674; see, also, State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. den. (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768. (stating that counsel's performance is deficient if counsel substantially violated one of his essential duties to his client); State v. Peeples
(1994), 94 Ohio App.3d 34, 44, 640 N.E.2d 208, 215 (stating that counsel's performance is deficient if it "raise[s] compelling questions concerning the integrity of the adversarial process").
In determining whether counsel's performance is deficient, an objective standard of reasonable representation is employed. State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Thus, when addressing an ineffective assistance of counsel claim, the reviewing court should not consider what, in hindsight, may have been a more appropriate course of action. See State v. Phillips (1995), 74 Ohio St.3d 72, 85, 656 N.E.2d 643,658 (stating that a reviewing court must assess the reasonableness of the defense counsel's decisions at the time they are made). Rather, the reviewing court "must be highly deferential." Strickland,466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d 674. As the Strickland Court stated, a reviewing court:
 "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'"
Id., 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674.
Once a defendant overcomes the strong presumption that trial counsel's performance was reasonable, the defendant still must illustrate that counsel's deficient performance prejudiced the defense. Prejudice exists if trial counsel's deficient performance deprived the defendant of a trial "whose result is reliable." Id., 466 U.S. 687, 104 S.Ct. 2052,80 L.Ed.2d 674. Thus, "[t]o establish prejudice, the defendant must show that `there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.'"State v. Fears (1999), 86 Ohio St.3d 329, 346, 715 N.E.2d 136, 153, cert. denied (2000), 120 S.Ct. 1535, 146 L.Ed.2d 349 (quoting State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus).
After our review of the record in the case sub judice, we agree with the trial court's conclusion that appellant has not overcome the strong presumption that his trial counsel's conduct constituted sound trial strategy. Moreover, assuming, arguendo, that trial counsel's performance was deficient, we do not believe that trial counsel's alleged errors were so serious as to deprive appellant of a trial whose result is reliable; that is, a reasonable probability does not exist that the result of the trial would have been different but for counsel's alleged errors. We believe that neither of the two witnesses that trial counsel opted not to call to testify at trial would have exonerated appellant. In fact, one witness, Hairwood, would have testified that appellant's co-defendant was nowhere near the crowd when the gun shots were fired, thus implying that appellant may have fired the weapon into the crowd. Additionally, neither witness observed all of the shots fired. Thus, neither witness would have been able to definitively state that appellant did not fire the weapon into the crowd. At most, the witnesses would have stated that out of the shots that they observed, they did not witness appellant shoot into the crowd.
Consequently, after our review of the record we conclude that appellant's trial counsel's performance did constitute sound trial strategy and was not deficient as contemplated by the Sixth Amendment. Furthermore, even if we assumed for purposes of argument that appellant's trial counsel's trial performance constituted a deficient performance under the Sixth Amendment, we conclude that no reasonable probability exists that the trial's result would have been different.
Accordingly, based upon the foregoing reasons we overrule appellant's sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J. Evans, J.: Concur in Judgment Opinion
 ___________________________ Peter B. Abele, Presiding Judge