OPINION
Defendant-appellant Joseph L. Wyrick appeals the March 20, 2001 Entry of the Fairfield County Court of Common Pleas, overruling his Motion to Withdraw Guilty Plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 30, 1992, appellant plead guilty to the offenses of abduction, a violation of R.C. 2905.02[1], and burglary, a violation of R.C. 2911.12.[2] Appellant was serving a sentence for felony convictions in an Iowa Men's Reformatory when he entered the guilty pleas. The trial court sentenced appellant to a term of incarceration of four to ten years on the abduction conviction, and a period of incarceration of seven to fifteen years on the burglary conviction. The trial court ordered the sentences be served consecutively to each other, and concurrently with the sentence "previously imposed upon [appellant] in the State of Iowa to which he was incarcerated in the Iowa Men's Reformatory." April 1, 1992 Entry of Sentence.
After appellant was paroled from the Iowa Men's Reformatory, the State filed a motion requesting the trial court conduct a sentencing hearing "to correct the Judgment Entry of Sentence where errors in the record arising from oversight or admission that occurred." July 2, 1999 Motion. The State explained the Iowa sentence had expired. The State continued, although appellant had not served the remainder of his Ohio sentences, the Ohio prison system was unwilling to accept him as a prisoner because the trial court had ordered him to spend prison time in Iowa. The trial court conducted an oral hearing on July 13, 1999, and September 8, 1999. Thereafter, the trial court issued nunc pro tunc judgment entries, sentencing appellant to the Orient Correctional Center for periods of incarceration identical to the 1992 sentences. The trial court gave appellant credit for time served while incarcerated in Iowa.
Appellant filed a timely appeal to this court, asserting the trial court's nunc pro tunc judgment entries were null and void, and the trial court lacked jurisdiction to alter his sentence once he had commenced to serve such sentence. This Court found the trial court's use of nunc pro tunc entries to correct the invalid 1992 sentences was harmless error.[3]
Further appeal to the Ohio Supreme Court was denied.
On January 31, 2001, appellant filed a pro se motion to withdraw his guilty plea pursuant to Crim. R. 32.1. Via Entry filed March 20, 2001, the trial court overruled appellant's motion, concluding appellant's "claim of ineffective assistance of counsel is res judicata since [appellant] raised the same argument" to the Fifth District Court of Appeals, which denied his appeal. March 20, 20001 Entry.
It is from this entry appellant appeals, raising as his sole assignment of error:
 THE TRIAL COURT COMMITTED ERROR BY FAILING TO GRANT THE DEFENDANT'S POST CONVICTION MOTION TO WITHDRAW GUILTY PLEA.
 I
Post-conviction relief is intended to provide a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States Constitution or the Ohio Constitution.[4] The Ohio Supreme Court, which has given the statute an extremely limited application by applying the doctrine of res judicata to such petitions, held:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.[5]
"Post-conviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal."[6]
Appellant's Motion to Withdraw Guilty Plea focuses on the validity of his sentences and its use of nunc pro tunc entries to correct its sentences. This Court has previously considered the propriety of the sentences and the trial court's nunc pro tunc entries in Wyrick I. Because this appeal of the denial of appellant's motion to withdraw his plea is nothing more than a collateral attack on this Court's decision inWryick I, it is barred by the doctrine of res judicata.
Appellant's sole assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hoffman, J., Gwin, P.J. and Boggins, J. concur.
[1] Case No. 90-CR-NB-0243.
[2] Case No. 90-CR-SP-0178.
[3] State v. Wyrick (April 6, 2000), Fairfield App. No. 99CA56, 99CA63, unreported.
[4] Freeman v. Maxwell, Warden (1965), 4 Ohio St.2d 4; State v. Lester
(1975), 41 Ohio St.2d 51, 56.
[5] State v. Jacobs (1994), 94 Ohio App.3d 256 (Citations omitted).
[6] State v. Steffen (1994), 70 Ohio St.3d 399, 410.