[THE STATE, EX REL.] BURCH ET AL., APPELLANTS, *v.*
MORRIS, SUPT., ET AL., APPELLEES.

[Cite as Burch *v.* Morris (1986), 25 Ohio St. 3d 18.]

(No. 85-1789—Decided July 9, 1986.)

*David D. Burch* and *James A. Williams, pro se.*
*Anthony J. Celebrezze, Jr.,* attorney general, and *Alexander G. Thomas,* for appellees.

*Per Curiam.* As was recognized by this court in *In re Burson* (1949), 152 Ohio St. 375 [40 O.O. 391], paragraph four of the syllabus:

"Where a person restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of a judgment or order of a court of record, and the court or magistrate had jurisdiction to issue the process, render the judgment or make the order, a discharge from custody by the writ of habeas corpus will not be allowed. Such person has an adequate remedy at law by way of review on appeal." Accord *Stahl* v. *Shoemaker* (1977), 50 Ohio St. 2d 351, 353 [4 O.O.3d 485].

The errors raised by appellants in their petition for a writ of habeas corpus are not jurisdictional in nature. Instead, the focus of the petition centers upon alleged evidentiary errors committed in the trial court. Such errors, however, do not form the basis for an action in habeas corpus, for as the court stated over a century ago in *Ex parte Van Hagan* (1874), 25 Ohio St. 426, paragraph two of the syllabus, "*[h]abeas corpus* is not the proper mode of redress, where the relator has been convicted of a criminal offense, and sentenced to imprisonment therefor by a court of competent jurisdiction; if errors or irregularities have occurred in the proceedings or sentence, a writ of error is the proper remedy."

Moreover, in *Anderson* v. *Maxwell* (1967), 10 Ohio St. 2d 188 [39 O.O.2d 196], and *Freeman* v. *Maxwell* (1965), 4 Ohio St. 2d 4 [33 O.O.2d 2], we reasoned that once a claimed irregularity at trial is challenged on direct appeal or through a proceeding in postconviction relief pursuant to R.C. 2953.21 *et seq.,* the issue may not later be relitigated by way of habeas corpus.

In view of the foregoing authority, the court of appeals possessed alternate grounds for dismissal of the petition, since the issue sought to be raised in the habeas corpus action was not jurisdictional in nature and, in addition, the issue had previously been raised on direct appeal, as well as through a petition for postconviction relief.

For all of the foregoing reasons, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.