SWEENEY, Acting C.J., O'NEILL, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

JOSEPH O'NEILL, J., of the Seventh Appellate District, sitting for MOYER, C.J.

MOSELY, APPELLANT, *v.* ECHOLS, WARDEN, APPELLEE.

[Cite as *Mosely v. Echols* (1991), 62 Ohio St.3d 75.]

(No. 90–1246—Submitted May 21, 1991—Decided October 16, 1991.)

*Fred M. Mosely,* pro se.

*Lee I. Fisher,* Attorney General, and *Jack W. Decker,* for appellee.

*Per Curiam.* Appellant argues that after the direct appeal of his convictions was affirmed, the Court of Appeals for Cuyahoga County ruled that theft and theft in office were allied offenses of similar import in *State v. McGhee* (1987), 37 Ohio App.3d 54, 523 N.E.2d 864, and *State v. Tatum* (May 21, 1987), No. 52137, unreported, 1987 WL 11396, and that this ruling should be applied retroactively to his case to eliminate six years of his prison term and cause his immediate release.

Appellant has no cause of action in habeas corpus because even if accepted, the issue he raises would not deprive the sentencing court of jurisdiction. When a person is confined by order of a court having proper jurisdiction, the writ of habeas corpus may not be allowed. R.C. 2725.05. Moreover, as a nonjurisdictional matter, the issue is clearly *res judicata. Burch v. Morris* (1986), 25 Ohio St.3d 18, 25 OBR 15, 494 N.E.2d 1137.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.