[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 348.]

DOUGLAS, APPELLANT, *v.* MONEY, WARDEN, APPELLEE.

[Cite as *Douglas v. Money*, 1999-Ohio-381.]

*Habeas corpus to compel relator's immediate release from prison—Petition dismissed, when.*

(No. 98-2554—Submitted March 31, 1999—Decided April 28, 1999.)

APPEAL from the Court of Appeals for Marion County, No. 9-98-54.

————————————

{¶ 1} In 1985, appellant, James Michael Douglas, was convicted of murder and a firearm specification, and was sentenced to a prison term of fifteen years to life plus an additional three years of actual incarceration.

{¶ 2} In September 1998, Douglas filed a voluminous petition in the court of appeals for a writ of habeas corpus to compel his immediate release from prison. Douglas claimed in his petition, as subsequently amended, that he was entitled to the writ because of the *ex post facto* imposition of new parole rules and guidelines and implementation of Am.Sub.S.B. No. 2, overcrowding and unnecessarily hostile prison conditions, his placement in solitary confinement, a conspiracy of state officials against granting him parole, an invalid guilty plea to his criminal offenses, and an invalid indictment concerning the firearm specification.

{¶ 3} The court of appeals *sua sponte* dismissed his petition.

{¶ 4} This cause is now before the court upon an appeal as of right.

————————————

*James Michael Douglas, pro se.*

*Betty D. Montgomery*, Attorney General, and *Stuart W. Harris*, Assistant Attorney General, for appellee.

————————————

***Per Curiam.***

**{¶ 5}** Douglas asserts that the court of appeals erred in dismissing his habeas corpus petition. For the following reasons, Douglas's assertion lacks merit.

**{¶ 6}** First, application of the challenged statutes, rules, and guidelines to Douglas does not constitute *ex post facto* imposition of punishment. *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.* (1998), 81 Ohio St.3d 267, 268, 690 N.E.2d 887, 888; *State ex rel. Crigger v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 270, 272, 695 N.E.2d 254, 256.

**{¶ 7}** Second, state prisoners challenging the conditions of their confinement have an adequate legal remedy by way of an action under Section 1983, Title 42, U.S.Code. See *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 91-92, 637 N.E.2d 306, 309.

**{¶ 8}** Third, Douglas's claims of conspiracy and bias are not cognizable in habeas corpus. Cf. *Wireman v. Ohio Adult Parole Auth.* (1988), 38 Ohio St.3d 322, 528 N.E.2d 173, 174.

**{¶ 9}** Fourth, the issue of whether Douglas made an intelligent, knowing, and voluntary guilty plea is a matter to be resolved by motion to withdraw the guilty plea, direct appeal, or postconviction proceedings, rather than in habeas corpus. See *Pollock v. Morris* (1988), 35 Ohio St.3d 117, 117-118, 518 N.E.2d 1205, 1206; cf. *State ex rel. Tran v. McGrath* (1997), 78 Ohio St.3d 45, 46-47, 676 N.E.2d 108, 109.

**{¶ 10}** Fifth, habeas corpus is not the appropriate action to challenge the validity or sufficiency of an indictment. *State ex rel. Raglin v. Brigano* (1998), 82 Ohio St.3d 410, 696 N.E.2d 585.

**{¶ 11}** Finally, habeas corpus is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison. *State ex rel. Smirnoff v. Greene* (1998), 84 Ohio St.3d 165, 167, 702 N.E.2d 423, 425. At best, Douglas's claims relate to an earlier consideration of parole rather than

entitlement to immediate release from prison. *Crigger*, 82 Ohio St.3d at 272, 695 N.E.2d at 256.

{¶ 12} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————