OPINION AND JOURNAL ENTRY
On December 15, 2000, pro-se Petitioner filed what he styled as a complaint in habeas corpus. The Clerk issued a copy of the complaint to an Assistant Attorney General representing the Ohio Adult Parole Authority in underlying Common Pleas Court Case No. 00 CV 2586. No further pleadings have been filed.
An examination of the docket record for Case No. 00 CV 2586 reveals that the filing of December 15, 2000 is more properly construed as a notice of appeal from a judgment of November 15, 2000 dismissing a complaint for writ of habeas corpus. The dismissal entry recites in full:
 "This matter came on for consideration on the Petitioner, Benjamin R. Pankey's Petition for Writ of Habeas Corpus filed on October 2, 2000, and the Respondent's Motion to Dismiss filed on November 1, 2000.
"This Court finds that the Petitioner previously filed a Petition for Writ of Habeas Corpus directly in the Supreme Court of Ohio on June 17, 1999 raising essentially the same issue raised in the present action, specifically the revocation proceedings held in February, 1992. Since the Doctrine of Res Judicata precludes the filing of successive habeas petitions, the Respondent's Motion to Dismiss is sustained."
Petitioner Benjamin Pankey, in his "habeas corpus" filed December 15, 2000, makes general statements that he has not been found guilty on any evidence or due process as is constitutionally required in parole revocations.
It is evident that the trial court, in its dismissal of the petition was relying on the decision announced in Hudlin v. Alexander (1992),63 Ohio St.3d 153. The holding in Hudlin is as follows:
 "* * * we hold that the doctrine of res judicata is applicable to successive habeas corpus petitions."
The Hudlin court expanded a principle announced in Burch v. Morris
(1986), 25 Ohio St.3d 18, that when an issue has been raised through direct appeal, or postconviction proceedings, it may not be later relitigated by way of an action in habeas corpus.
In the case at bar, Petitioner has failed to timely prosecute his appeal in accordance with the timetable established by the Ohio Rules of Appellate Procedure.
Under App.R. 18(A):
 "* * * the appellant shall serve and file the appellant's brief within twenty days after the date on which the clerk has mailed the notice required by App.R. 11(B)."
The clerk's docket record reveals that since Petitioner styled his December 15, 2000 as a complaint for habeas corpus the clerk treated it as a regular civil proceeding and not an appeal. The lack of notice of a record being transmitted to the clerk of this court is the direct result of the characterization by Petitioner of his filing as a complaint in habeas corpus. Under the rules, the clerk is granted forty (40) days to transmit the record on appeal after the notice of appeal is filed. (App.R. 10(A). Even allowing Petitioner the rule period for record filing, more than nine months have passed and no brief has been filed. Under App.R. 18(C):
 "If an appellant fails to file the appellant's brief within the time provided by this rule, or within the time as extended, the court may dismiss the appeal."
In accordance with said rule this Court sua sponte dismisses this appeal for want of prosecution. Costs taxed against Petitioner (Appellant).
Donofrio, J., concurs.
Waite, J., concurs.
DeGenaro, J., concurs.