OPINION AND JOURNAL ENTRY
{¶ 1} On June 1, 2004, Relator, Eric McReynolds, filed with this court a petition seeking a writ of habeas corpus. Relator asserts that his plea agreement was not lawfully filed, thereby rendering his plea and subsequent sentence invalid. Respondents, the State of Ohio and Michelle Eberlin, Warden of Belmont Correctional Institution, filed a Civ.R. 12(B)(6) motion to dismiss the petition on July 8, 2004. Relator filed a motion in opposition to the motion to dismiss on July 28, 2004. For the following reasons, the motion to dismiss is granted and the writ is denied.
 {¶ 2} Under R.C. 2725.01:
 {¶ 3} "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."
 {¶ 4} Generally, a writ of habeas corpus can be granted only if the prisoner can establish that his conviction was entered by a trial court which lacked proper jurisdiction over the underlying case. Elersic v. Wilson, 11th Dist. No. 2003-T-0070, 2003-Ohio-4229, at ¶ 5. Hence, a habeas corpus claim will be subject to dismissal under Civ.R. 12(B)(6) when the prisoner's allegations are such that, even if construed in a light most favorable to him, they are insufficient to show that the prisoner will be able to prove a set of facts indicating that the trial court did not have jurisdiction to render the conviction.Schrock v. Gansheimer, 11th Dist. No. 2002-A-0003, 2002-Ohio-2666, at ¶ 4.
 {¶ 5} Furthermore, habeas corpus is only available in extraordinary circumstances where there is no adequate legal remedy available for the unlawful restraint of a person's liberty. In re Coleman, 95 Ohio St.3d 284, 2002-Ohio-1804, citing Gaskins v. Shiplevy, 76 Ohio St.3d 380, 383,1996-Ohio-387. If the Relator could have pursued a direct appeal or post-conviction relief, habeas corpus will not lie as a remedy. Luna v. Russell, 70 Ohio St.3d 561, 1994-Ohio-264.
 {¶ 6} Relator argues that the Crim.R. 11(C) plea agreement was not "legally filed with the Clerk of Courts." He contends that this failure invalidates the document. His argument is essentially addressing whether his plea was intelligently, knowingly, and voluntarily entered. This argument does not challenge the jurisdiction of the sentencing court. Furthermore, any irregularity that Relator believes occurred in the method his plea was accepted and filed can properly be raised in a direct appeal. See Douglas v. Money, 85 Ohio St.3d 348, 349,1999-Ohio-381, citing Pollock v. Morris (1988),35 Ohio St.3d 117, 117-118 (explaining that the issue of whether the petitioner made an intelligent, knowing, and voluntary guilty plea is a matter to be resolved through a motion to withdraw the guilty plea, a direct appeal, or postconviction proceedings, rather than in habeas corpus).
 {¶ 7} Relator currently has an appeal pending in the Fifth Appellate District. The arguments made in this petition could have been presented in that appeal. See, e.g., State v. Rice
(1982), 69 Ohio St.2d 422. Thus, the petition for habeas corpus fails to state a claim upon which relief can be granted.
 {¶ 8} Regardless, even if we were to review the petition on the merits, his claim would still fail. Relator admits that the Crim.R. 11(C) plea agreement was stapled to the sentencing journal entry and then filed as one single document. In a prior decision, we have held that a plea agreement that is attached to the judgment entry is properly filed and considered part of the record. McAllister v. State, 7th Dist. No. 04BE5, 2004-Ohio-2632, at ¶ 16. Thus, Relator's argument lacks merit.
 {¶ 9} For the reasons stated above, the petition is dismissed. Costs taxed against Relator.
 {¶ 10} Final order. Clerk to serve a copy on counsel of record and Relator pursuant to the Civil Rules.
Vukovich, J., concurs.
Waite, P.J., concurs.
Donofrio, J., concurs.