OPINION AND JOURNAL ENTRY
{¶ 1} Petitioner, Ricardo Taborn, petitions this Court seeking a writ of habeas corpus. He asserts that his criminal plea agreement and sentence are invalid since his plea agreement and waiver of his constitutional rights were not filed with the clerk of courts. On September 20, 2004, Respondent, the Belmont Correctional Institution Warden, filed a Civ.R. 12(B)(6) motion to dismiss Petitioner's petition. For the following reasons, the motion to dismiss is hereby granted and the writ is denied.
 {¶ 2} Petitioner seeks relief under R.C. § 2725.01, which allows one unlawfully imprisoned to inquire into the cause of his imprisonment.
 {¶ 3} Civ.R. 12(B)(6) authorizes a court to dismiss a cause for one's failure to state a claim upon which relief can be granted.
 {¶ 4} The Ohio Supreme Court has generally limited habeas corpus review to matters in which the petitioner can establish that he was convicted by a court that lacked proper jurisdiction.State ex rel. Pirman v. Money (1994), 69 Ohio St.3d 591, 593,635 N.E.2d 26. As such, a habeas corpus claim is typically subject to Civ.R. 12(B)(6) dismissal when in construing the petitioner's allegations in a light most favorable to him, the allegations fail to show that the trial court did not have jurisdiction. Schrock v. Gansheimer, 11th Dist. No. 2002-A-0003, ¶ 4.
 {¶ 5} In the instant cause, Petitioner alleges that the trial court did not have jurisdiction to sentence him since his Crim.R. 11(C) plea agreement was not filed with the clerk of courts. However, a trial court does not lose jurisdiction simply because a plea agreement is not filed with the clerk of courts. Instead, a trial court lacks jurisdiction to conduct a bench trial if a defendant's jury trial waiver is not filed with the clerk of courts. R.C. § 2945.05; State v. Pless (1995),74 Ohio St.3d 333, 658 N.E.2d 766, syllabus paragraph one. There was no trial at all in this matter. Petitioner pled guilty to the charges.
 {¶ 6} A writ of habeas corpus is only available in the extraordinary circumstance where the petitioner is unlawfully restrained and has no adequate legal remedy, such as an appeal.State ex rel. Pirman, supra; In re Coleman,95 Ohio St.3d 284, 767 N.E.2d 677, 2002-Ohio-1804, ¶ 4. This is not the case here since any error that Petitioner alleges in his plea agreement could have been properly addressed in a direct appeal. See McReynolds v. Warden, 7th Dist. No. 04 BE 27, 2004-Ohio-4545, ¶ 6; Douglas v. Money (1999),85 Ohio St.3d 348, 349, 708 N.E.2d 697, citing Pollock v. Morris (1988),35 Ohio St.3d 117, 117-118, 518 N.E.2d 1205.
 {¶ 7} The issue of whether one's plea agreement was intelligently and voluntarily made is an issue which also can be raised in a motion to withdraw a guilty plea, or in a postconviction petition. Id. In fact, Petitioner's petition for habeas corpus reflects that he has previously filed a motion to withdraw his guilty plea, a direct appeal, and a petition for postconviction relief. All were denied. Petitioner "may not use habeas corpus to gain successive appellatreviews of the same issue." State ex rel. Rash v. Jackson, 102 Ohio St.3d 145,807 N.E.2d 344, 2004-Ohio-2053, ¶ 12, citing Agee v. Russell
(2001), 92 Ohio St.3d 540, 548, 751 N.E.2d 1043; State ex rel.Burch v. Morris (1986), 25 Ohio St.3d 18, 19, 25 OBR 15,494 N.E.2d 1137.
 {¶ 8} Based on the foregoing, Petitioner's habeas corpus petition fails to state a claim for which relief can be granted. As such, the petition is dismissed.
 {¶ 9} Final order. Clerk to serve notice as provided by the Civil Rules.
Waite, P.J., concurs.
Donofrio, J., concurs.
Vukovich, J., concurs.