OPINION AND JOURNAL ENTRY
{¶ 1} Petitioner John W. Perotti has filed a petition for writ of habeas corpus in this court regarding three prior criminal convictions. The Warden of the Northeast Ohio Correctional Center has filed a motion to dismiss the petition on the grounds that petitioner has an adequate remedy at law and that habeas is not available. For the following reasons, this petition is dismissed.
 {¶ 2} On July 18, 2005, petitioner filed the within pro se petition for writ of habeas corpus. First, he claims that the indictments in Cuyahoga County case numbers 17106 and 172486 were defective. He attached both indictments to his petition. Both indictments were filed in March 1982 and allege that appellant committed aggravated robbery with regards to two different victims on two different dates.
 {¶ 3} His petition alleges that the common pleas court lacked jurisdiction because the indictments failed to set forth all of the elements of aggravated robbery. However, he does not specify which elements are missing, and we cannot determine missing elements in comparing the contents of the indictment with the statute.
 {¶ 4} Regardless, claims regarding sufficiency of the recitation of the elements in an indictment could have been raised in a direct appeal, delayed appeal, reopened appeal or in a motion to vacate a guilty plea. The Supreme Court has stated numerous times that the validity or sufficiency of an indictment is not a claim cognizable in state habeas corpus proceedings. Howard v. Randle, 95 Ohio St.3d 281, 2002-Ohio-2122, ¶ 6; State ex rel. Bragg v. Seidner (2001), 92 Ohio St.3d 87, 88; Walterv. Mitchell (1999), 87 Ohio St.3d 52, 52; Shie v. Leonard (1998),84 Ohio St.3d 160, 161; State ex rel. Thomas v. Money (1997),80 Ohio St.3d 494, 495. This court has held the same, explaining that such allegations do not constitute a lack of jurisdiction by the trial court. Gunnell v. Wolfe, 7th Dist. No. 298, 2002-Ohio-3196, ¶ 8-12. As such, petitioner's first claim is without merit.
 {¶ 5} Petitioner's second claim is that he received ineffective assistance of counsel in the aforementioned Cuyahoga County cases and in Scioto County case number CR-85-91. He attached the judgment entry from his Scioto County case showing that he pled guilty to Aggravated Assault/Prior Offense of Violence and was sentenced therefore on August 5, 1985. His claims of ineffective assistance of counsel revolve around a pending federal indictment which may utilize past offenses involving firearms to enhance the penalty in that pending case. He alleges that his trial attorneys in his state cases were ineffective because they failed to advise him, before he pled guilty, that his convictions could be used against him later as they are presently being used.
 {¶ 6} Firstly, we note that the indictment in his federal case does not rely on the Scioto County case number that he contests in this petition. Rather, the federal indictment relies upon Scioto County case number 88-CR-262.
 {¶ 7} Secondly, we note that his guilty plea in Scioto County case number CR-85-91 was for Aggravated Assault/Prior Offense of Violence.
This implies that appellant was aware that prior offenses are often used against offenders in various ways in our legal system. Moreover, there is no requirement that counsel must advise a pleading defendant of every possible future issue that may arise as a result of a conviction. Appellant cites no law relevant to this proposition.
 {¶ 8} Regardless, the Ohio Supreme Court has held that claims of ineffective assistance of counsel are not cognizable in habeas proceedings as they do not deal with jurisdiction and there exist adequate remedies at law for such claims. Johnson v. Bobby, 103 Ohio St.3d 96,2004-Ohio-4438, ¶ 5; Davis v. Wilson, 100 Ohio St.3d 269, 2003-Ohio-5898, ¶ 9. See, also, Taborn v. Warden, 7th Dist. No. 04BE42, 2004-Ohio-5527, ¶ 4-7 (stating that allegations concerning voluntariness of plea agreement are not proper topics for habeas). Thus, petitioner's second claim is without merit.
 {¶ 9} For the foregoing reasons, this petition for writ of habeas corpus is dismissed.
 {¶ 10} Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.
Vukovich, J., concurs.
Donofrio, P.J., concurs.
Waite, J., concurs.