OPINION
{¶ 1} Defendant-appellant Shane Crum appeals from the December 16, 2004, Judgment Entry of the Stark County Court of Common Pleas which denied appellant's Motion for Postconviction Relief and granted summary judgment in favor of plaintiff-appellee the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 24, 1996, appellant was indicted on one count of rape, with a specification of force or threat of force when the victim was less than 13 years of age, one count of felonious sexual penetration, with a specification of force or threat of force when the victim was less than 13 years of age, and one count of gross sexual imposition. These offenses occurred from on or about September 1, 1994, to on or about January 31, 1996. The victim was appellant's child who was born in 1991.
 {¶ 3} A jury trial was conducted on March 24, 1997, and continued until March 26, 1997. On March 27, 1997, the jury convicted appellant on all counts in the indictment as well as the specifications. On March 31, 1997, appellant was sentenced on the counts of rape and of felonious sexual penetration to two mandatory life sentences, to be served consecutively. On the count of gross sexual imposition, appellant was sentenced to two years in prison, to be served consecutively to the sentences on the counts of rape and felonious sexual penetration.
 {¶ 4} Appellant appealed the conviction and sentence. On October 26, 1998, this Court affirmed the conviction and sentence. State v. Crum (Oct. 26, 1998), Stark App. No. 97-CA-0134, 1998 WL 818055, jurisdiction declined,85 Ohio St.3d 1406, 706 N.E.2d 788.
 {¶ 5} On February 19, 2004, appellant filed a petition to vacate or set aside sentence pursuant to R.C. 2953.21. On November 12, 2004, the State filed a response to appellant's petition and a motion for summary judgment. On December 16, 2004, the trial court denied appellant's petition and granted summary judgment in favor of appellee, the State of Ohio.
 {¶ 6} It is from the December 16, 2004, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN DISMISSING APPELLANT CRUM'S PETITION WHEREIN HE SET FORTH THAT HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE NEW EVIDENCE THAT WAS THE BASIS FOR THE POST-CONVICTION [SIC] PETITION.
 {¶ 8} "II. THE TRIAL COURT ERRED IN DISMISSING APPELLANT CRUM'S PETITION WITHOUT FIRST HOLDING A HEARING TO DETERMINE WHETHER HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE NEW EVIDENCE.
 {¶ 9} "III. APPELLANT CRUM WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
 I {¶ 10} In the first assignment of error, appellant contends that the trial court erred when it dismissed appellant's petition for postconviction relief. We disagree.
 {¶ 11} In reviewing a trial court's denial of a petition for postconviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. State v. Bristow (Dec. 22, 2000), Richland App. No. 00-CA-17-2, 2000 WL 1886228. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 540 N.E.2d 1140.
 {¶ 12} Appellant does not dispute the fact that his Petition for Postconviction Relief was untimely. A court has no jurisdiction to hear an untimely petition for postconviction relief unless the movant meets the requirements in R.C.2953.23(A). State v. Warren (Dec. 14, 2000), Cuyahoga App. No. 76612; State v. Valentine (Dec. 7, 2000), Cuyahoga App. No. 77882; State v. Wheatt (Oct. 26, 2000), Cuyahoga App. No. 77292; State v. Gaddis (Oct. 12, 2000), Cuyahoga App. No. 77058. Revised Code 2953.23(A) provides as follows, in pertinent part:
 {¶ 13} "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless . . .:
 {¶ 14} "Both of the following apply:
 {¶ 15} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 16} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." R.C.2953.23(A)(1).
 {¶ 17} In this case, appellant contends that he demonstrated that he was unavoidably prevented from discovering the new evidence upon which his Petition was based. Specifically, appellant argues that he was unavoidably prevented from discovery of the summary of statements given by Christopher and Mark Mowery to Detective Stevenson of the Perry Township Police Department and that his constitutional rights were violated when the State failed to provide those statements.
 {¶ 18} According to the summary of statements in question, the victim stated that Christopher and Mark Mowery, who lived with appellant at the time of the offenses, both saw sexual contact between appellant and the victim. According to the summary, Christopher Mowery denied he ever witnessed appellant doing anything of a sexual nature to the victim and claimed to have no knowledge of any incidents occurring. According to the summary, Mark Mowery stated that he did not remember noticing anything of a sexual nature happening.
 {¶ 19} However, we find that appellant was not unavoidably prevented from discovering the statements. The State provided appellant with Christopher and Mark Mowery's names as persons who may have evidence favorable to appellant and material to guilt or punishment. Appellant named both Christopher and Mark as potential witnesses for the defense. Appellant knew that Christopher and Mark lived with appellant during the time in question. Further, the defense already knew that the victim claimed Christopher had witnessed something incriminating.[1] In addition, Mark was not only named by the defense as a potential witness for the defense but testified at the trial. During his testimony, Mark stated that he had observed appellant and the victim together on many occasions and that he observed nothing unusual. For the foregoing reasons, we find that appellant and his counsel were not unavoidably prevented from discovering the facts upon which appellant must rely to present his claim for relief, which would include statements made to the police and whether they observed any wrong doing by appellant.
 {¶ 20} Accordingly, appellant's first assignment of error is overruled.
 II {¶ 21} In the second assignment of error, appellant contends that the trial court erred in failing to hold a hearing to determine whether appellant was unavoidably prevented from discovering new evidence. We disagree.
 {¶ 22} A hearing need not be held if the trial court determines that, based upon the petition and the files and the records of the case, the petitioner is not entitled to relief. R.C. 2953.21(E). As discussed in assignment of error I, R.C.2953.23(A) governs untimely petitions for postconviction relief. If a petition is untimely, it is subject to dismissal without a hearing unless both criteria under R.C. 2953.23(A)(1) and (2) are satisfied. State v. Pasqualone (Sept. 30, 1999), Ashtabula App. No. 98-A-0074, 1999 WL 960767. In the case sub judice, the trial court concluded that appellant's petition and supporting documentation failed to meet the statutory requirements of R.C.2953.23(A). We agree with the trial court as held in assignment of error I. Therefore, the trial court did not err in denying appellant a hearing on his Petition for Postconviction Relief.
 {¶ 23} Appellant's second assignment of error is overruled.
 III {¶ 24} In the third assignment of error, appellant argues that he was denied effective assistance of trial counsel. We disagree.
 {¶ 25} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 26} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,
supra at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, there is a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance.Id.
 {¶ 27} In order to warrant a reversal, appellant must additionally show he was prejudiced by counsel's ineffectiveness. To demonstrate prejudice, appellant must show that error on the part of counsel was so serious in nature that there exists a reasonable probability that, in the absence of the error, the result in the trial court would have been different. State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. The United States Supreme Court and the Ohio Supreme Court have both held that a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."Bradley, 42 Ohio St.3d at 143, 538 N.E.2d 373 (citingStrickland, 466 U.S. at 697).
 {¶ 28} Specifically, appellant contends that trial counsel's performance was ineffective by failing to call Christopher Mowery as a witness for the defense. Defense counsel questioned the victim as to whether Christopher Mowery had seen appellant and the victim engaged in a sexual act. The victim answered that Christopher had looked into the kitchen when appellant was engaged in a sexual act. Yet, trial counsel never called Christopher as a witness. According to the summary of Christopher's statement given to Detective Stevenson, Christopher denied seeing any sexual contact between the victim and appellant. Appellant asserts that had Christopher been called to testify and testified in accordance with that statement, he would have denied seeing any such sexual contact. By not calling Christopher, appellant contends that the jury was left with the impression that Christopher had indeed witnessed sexual contact between appellant and the victim. Appellant concludes that Christopher's testimony would have discredited the victim, which was an imperative in this case.
 {¶ 29} However, appellant has not demonstrated that Christopher's testimony would have been favorable to the defense. Although Christopher's statement to the police appeared to be favorable to appellant, it is speculative to assume that his testimony, under oath, would have corresponded to the unsworn statement given to the detective. Accordingly, we find that appellant has failed to show prejudice.
 {¶ 30} Appellant's third assignment of error is overruled.
 {¶ 31} The judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. Hoffman, P.J. and Farmer, J. concur.
[1] The victim testified about the sexual acts committed by her father, appellant. Upon questioning by appellant's counsel during cross examination, it was clear that appellant's counsel knew that the victim claimed that appellant's friend, Christopher Mowery, had looked into the kitchen and saw appellant naked when appellant was doing one of the "bad things." Appellant's counsel elicited the following from the victim:
"Q. Well, do you remember talking to the lady, a lady at the hospital? You remember talking to one?
"A. Um, yeah. Alls I remember is when I was talking to her.
"Q. Do you remember telling her that you saw that your daddy's friend Christopher looked in the kitchen and saw daddy naked? Do you remember telling her that?
"A. Um-hum.
"Q. Okay. Did that happen?
"A. Yes.
"Q. And is this when these bad things were being done to you?
"A. Yes." Tr. at 176-177.