OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Robert L. Creager, filed November 28, 2005. Creager was serving a sentence in the Miami County Jail for illegal manufacture of drugs or cultivation of marijuana, in violation of R.C. 2925.04, and receiving stolen property, in violation of R.C. 2913.51. On October 28, 2005, the trial court dismissed Creager's petition for habeas corpus, after a hearing. Creager filed the petition after he was placed in segregated confinement for administrative, protective reasons on September 15, 2005. In his petition, Creager argued that he was "suffering cruel and unusual punishment." According to Creager, he, "without just cause, is now forced to exist in a solid steel cage so small that he can place both hands on the opposite walls, with a light so dim he may barely see to write this petition, a light never to be turned off, and in a cell so filthy as to be unfit for man or beast." Creager was released from segregated confinement on September 26, 2005, the first day of the hearing on his petition. At the hearing he stated to the court, "Some of this is moot, because I've been removed from solitary back to into general population * * * . So insofar as where I'm being locked at right now is a moot issue, but the issue of the cruel and unusual punishment is not. And the issue of a valid appeal process is not, things like that."
 {¶ 2} In his brief, Creager argues that he was "provided no written charge, no hearing process and no appeal process when lodged in isolation, and since there is no such process at the county jail, petitioner was forced to use the grievance process to raise this complaint." According to the State, "Appellant has neither made citation to any legal authority, nor reference to any part of the record on which the Appellant relies. Rule 16 of the Ohio Rules of Appellate procedure requires an appellant's brief to include argument, citation to legal authority, and reference to parts of the record on [which] the appellant relies in support of each assignment of error presented for review." In Reply, Creager argues that "the Miami County Prosecutor * * * has ready access to that which has been denied Appellant: computer access to citation authority, transcript of the complete hearing and record, and computerized legal analysis."
 {¶ 3} The trial court's Order dismissing Creager's petition is brief and uninstructive, merely stating that Creager "has not satisfied his burden of proof."
 {¶ 4} Creager asserts the following five assignments of error:
 {¶ 5} 1. "The court erred by not making Petitioner aware that Petitioner was allowed to subpoena witnesses or request production of documents to support the writ of habeas corpus, in a timely fashion when Petitioner did ask the court to produce a witness the Petitioner was denied."
 {¶ 6} 2. "The court erred when it did not ask Mrs. Dee to produce records from the jail file to support her alleged claim of a due process system and/or a valid grievance system [other than what is printed in the jails' 'Inmate Handbook.' Mrs.Dee should have been ask [sic] to support the statements with records when she repeatedly stated she would have to consult with her records to answer that question."
 {¶ 7} 3. "The court erred by not taking it upon their own to investigate whether there was a valid due process system in place at the County Jail within the meaning of O.R.C.A.d.C. 5120 when it was obvious there existed no records of a valid system, in light of testimony, other than the 'Inmate Handbook.' Especially since the court had to be aware that prisoners have been writing to Judge Walter Rice, U.S. Federal District Court, Dayton, Ohio, over the last six (6) years complaining of Mrs. Dee's refusal to comply with A.R. 5120 and put a valid Rules Infraction Board and Grievance Inspector system in both Miami County Jails under Sheriff Cox."
 {¶ 8} 4. "The Court errored [sic] when it forced petitioner to act as his own attorney and examine and cross examine the witness while the Petitioner remained in leg irons, belly-chain and handcuffs during the entire two (2) day process; the court seeing the attorney present for the petitioner refused to assist the petitioner, refused to say anything other than 'no' when the court asked Mr. King if he wanted to examine the witness. Mr. King ignored the petitioner and the entire hearing for two days while Mr. King worked on another case of his in the courtroom. It was quite clear to everyone present that Mr. King was refusing to assist petitioner in any manner, and that the petitioner was having extreme difficulty with the examining and cross-examining process while so severely chained-up in the courtroom."
 {¶ 9} 5. "The court errored [sic] when petitioner repeatedly complained of not being able to hear what the judge, prosecutor or witness was saying since they all spoke extremely low and almost out of hearing range for the petitioner to hear what was being said when the court saw the petitioner struggling to hold the left hand up to the ear to hear the court was aware that this was overburdening the petitioner to examine and cross-examine the witness. The court made no effort to solve this problem."
 {¶ 10} We note initially that "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." Yocum v. Means, Darke App. No. 1576, 2002-Ohio-3803. A litigant proceeding pro se "cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter." Id. (Internal citations omitted).
 {¶ 11} "Whoever is unlawfully restrained of his liberty * * * may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01. "Habeas corpus is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison." Douglas v. Money,85 Ohio St.3d 348, 708 N.E.2d 697, 1999-Ohio-381. "[S]tate prisoners challenging the conditions of their confinement have an adequate legal remedy by way of an action under Section 1983, Title 42, U.S. Code." Id.
 {¶ 12} We need not reach the merits of Creager's petition. Creager challenged the conditions of his confinement, and he did not dispute that he was imprisoned lawfully for illegal manufacture of drugs or cultivation of marijuana and receiving stolen property. Creager was not entitled to immediate release from the county jail, and a habeas corpus petition was an improper vehicle for the remedies Creager sought. More importantly, since Creager was released from solitary confinement on the first day of the hearing, the issues he raised were rendered moot. Creager's assignments of error are overruled, and the trial court's order dismissing Creager's petition is affirmed.