[Cite as *State ex rel. Breedlove v. Henson*, 2011-Ohio-1078.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, EX REL.,<br>JEREMY BREEDLOVE | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J. |
| Relator | Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 10CA121 |
| JUDGE, JAMES D. HENSON | O P I N I O N |
| Respondent | |

CHARACTER OF PROCEEDING:      Writ of Prohibition

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      March 9, 2011

APPEARANCES:

For Relator

JEREMY BREEDLOVE
#584-927
2075 S. Avon-Belden Rd.
Grafton, Ohio 44044

For Respondent

KIRSTEN L. PSCHOLKA-GARTNER
Assistant Richland County Prosecutor
38 South Park Street, 2nd Floor
Mansfield, Ohio 44902

*Hoffman, P.J.*

{¶1} Relator Jeremy Breedlove filed a Complaint for Writ of Prohibition challenging the trial court's jurisdiction to impose consecutive sentences. Respondent has filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief may be granted.

{¶2} In order for this court to issue a writ of prohibition, three conditions must be met:

{¶3} "(1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy; (3) the exercise of such power must amount to an unauthorized usurpation of judicial power." *State ex rel. Northern Ohio Telephone Co. v. Winter* (1970), 23 Ohio St.2d 6, 8.

{¶4} In *Kelley, Judge v. State ex rel. Gellner* (1916), 94 Ohio St. 331, 341, the Supreme Court of Ohio stated the following:

{¶5} " *In all cases* where an inferior court has jurisdiction of the matter in controversy and keeps within the limits prescribed by law for its operation, the superior court should refuse to interfere by prohibition, for it should not consider whether the court below *erred in the exercise of its powers, since it has nothing to do with the correctness of the rulings of the inferior court but only with its exercise of jurisdiction.*" (Emphasis added.)

{¶6} With regard to the issue of allied offenses, the Supreme Court has held, ""[A]llied-offense claims are nonjurisdictional and are not cognizable in habeas corpus. *Mosely v. Echols* (1991), 62 Ohio St.3d 75, 578 N.E.2d 454." *Smith v. Voorhies* 119

Ohio St.3d 345, 347, 894 N.E.2d 44, 46 (Ohio,2008). Similarly, because allied offense claims are nonjurisdictional, they likewise would not be cognizable in prohibition.

{¶7} It appears undisputed that Respondent has jurisdiction over Relator's case. It is only the extent of the exercise of Respondent's powers which is challenged. We find Relator has or had an adequate remedy at law by way of direct appeal to challenge any sentencing error relative to the issue of allied offenses. See *Hunter v. Sutula* 2006 WL 225526, 2 (Ohio App. 8 Dist.) and *State ex rel. Lichtenwalter v. Thomakos* 2010 WL 4111257, 1 (Ohio App. 5 Dist.).

{¶8} Because Relator has or had an adequate remedy at law, we decline to issue the requested writ of prohibition. Respondent's motion to dismiss is granted.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO, EX REL.,                          :
JEREMY BREEDLOVE                                 :
                                                 :
     Relator                                     :
                                                 :
-vs-                                             :            JUDGMENT ENTRY
                                                 :
JUDGE, JAMES D. HENSON                           :
                                                 :
     Respondent                                  :            Case No. 10CA121

For the reasons stated in our accompanying Opinion, Respondent's motion to dismiss is granted, and the Complaint for Writ of Prohibition is dismissed. Costs to Relator.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY