[Cite as *State v. Crum*, 2017-Ohio-9000.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| SHANE CRUM | : | Case No. 2017CA00129 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. 1996CR1057


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    December 11, 2017


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney
RONALD MARK CALDWELL
Assistant Prosecuting Attorney
110 Central Plaza South, Suite 510
Canton, OH  44702-1413

For Defendant-Appellant

SHANE CRUM, Pro Se
Inmate No. 334-540
Marion Correctional Institution
P.O. Box 57
Marion, OH  43301

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Shane Crum, appeals the June 14, 2017 judgment entry of the Court of Common Pleas of Stark County, Ohio, denying his motion filed June 8, 2017.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On March 27, 1997, a jury convicted appellant of one count of rape in violation of R.C. 2903.02, one count of felonious sexual penetration in violation of R.C. 2907.12, and one count of gross sexual imposition in violation of R.C. 2907.05.  By judgment entry filed March 31, 1997, the trial court sentenced appellant on each count, to be served consecutively, culminating in an aggregate term of life in prison.

{¶ 3}   Appellant appealed his conviction and sentence which this court affirmed on October 26, 1998.  *State v. Crum,* 5th Dist. Stark No. 97-CA-0134, 1998 WL 818055 (Oct. 26, 1998), *appeal not accepted,* 85 Ohio St.3d 1406, 706 N.E.2d 788.  One of the assignments of error raised the issue of allied offenses and merger under R.C. 2941.25.

{¶ 4}   On February 19, 2004, appellant filed a petition to vacate or set aside sentence pursuant to R.C. 2953.21, claiming newly discovered evidence in the form of undisclosed witness statements.  By judgment entry filed December 16, 2004, the trial court denied the petition.

{¶ 5}   Appellant appealed the denial which this court affirmed on December 27, 2005.  *State v. Crum,* 5th Dist. Stark No. 2005CA00024, 2005-Ohio-7037, *appeal not accepted,* 109 Ohio St.3d 1457, 2006-Ohio-2226, 847 N.E.2d 6.

{¶ 6}   On June 8, 2017, appellant filed a motion to correct void sentence for the court's failure to comport with the statutory requirements of R.C. 2941.25, claiming the

trial court erred in failing to conduct a sentencing hearing on the merger issue. By judgment entry filed June 14, 2017, the trial court denied the motion.

{¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 8} "THE TRIAL COURT ERRED IN SIMPLY DENYING THIS APPELLANT'S MOTION WITHOUT ANY REASONED DECISION OR FINDINGS OF FACT AND CONCLUSIONS OF LAW VIOLATING HIS CONSTITUTIONAL RIGHTS TO THE DUE PROCESS OF LAW AND A FAIR TRIAL UNDER THE 5TH AND 14TH AMENDMENTS OF THE US CONSTITUTION AND THE EQUIVALENT ARTICLES AND SECTIONS OF THE OHIO CONSTITUTION."

II

{¶ 9} "THE TRIAL COURT INITIALLY ERRED BY IMPOSING CONSECUTIVE SENTENCES FOR ALLIED OFFENSES OF SIMILAR IMPORT AND AS SUCH THE SENTENCE IMPOSED IN THIS CASE DOES NOT COMPORT WITH THE STATUTORY REQUIREMENTS OF O.R.C. 2941.25 SINCE THE STATE RELIED ON THE SAME CONDUCT WITH THE SAME ALLEGED VICTIM ALL IN THE SAME TIME FRAME TO SUPPORT ALL THE CHARGES AGAINST THIS APPELLANT. ANY SENTENCE IMPOSED THAT IS NOT STATUTORILY COMPLIANT IS VOID AND MUST BE VACATED OR CORRECTED OR THIS APPELLANT'S CONSTITUTIONAL RIGHT TO THE DUE PROCESS OF LAW AND A FAIR TRIAL UNDER THE 5TH AND 14TH AMENDMENTS AND THE EQUIVALENT ARTICLES AND SECTIONS OF THE OHIO CONSTITUTION ARE VIOLATED."

III

{¶ 10} "THE TRIAL COURT ERRED IN NOT CONDUCTING A MERGER HEARING AT SENTENCING OR WHEN THE ALLIED OFFENSE MOTION WAS FILED AS THE FACIAL QUESTION OF MERGER IS PLAIN AND MUST BE ADDRESSED TO ENSURE STATUTORY COMPLIANCE AND THE FAILURE TO DO SO VIOLATED THIS APPELLANT'S CONSTITUTIONAL RIGHTS UNDER THE 5TH AND 14TH AMENDMENTS OF THE US CONSTITUTION AND THE EQUIVALENT ARTICLES AND SECTIONS OF THE OHIO CONSTITUTION."

I, II, III

{¶ 11} In his three assignments of error, appellant claims the trial court erred in denying his motion without any reasoned decision or findings of fact and conclusions of law, challenges his consecutive sentences under R.C. 2941.25, and claims the trial court erred in not conducting a merger hearing.  We disagree.

{¶ 12} In his 1998 direct appeal at Assignment of Error IV, appellant challenged the following:

AS THE EVIDENCE AT TRIAL RELIED UPON THE SAME CONDUCT TO SUPPORT THE OFFENSES OF RAPE, GROSS SEXUAL IMPOSITION, AND FELONIOUS SEXUAL PENETRATION AND THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THE SEPARATE AMICUS FOR EACH CHARGE, MR. CRUM SHOULD NOT BE CONVICTED AND SENTENCED FOR ALL SUCH OFFENSES PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS TO

THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION AND SECTION 2941.25 OF THE OHIO REVISED CODE.

{¶ 13} In overruling the assignment, this court stated the following:

Upon review of the trial record, we find the evidence presented at trial provides a basis for reasonable minds to conclude appellant engaged in multiple acts which could be separately classified as felonious sexual penetration, rape, and gross sexual imposition. These crimes are defined in the jury instructions given by the trial court set forth *supra.* The trial court instructed the jury to consider the charges and the evidence supporting each charge separately. 3Tr. at 69. This court cannot substitute our judgment for that of the jury.

*State v. Crum,* 5th Dist. Stark No. 97-CA-0134, 1998 WL 818055, *10 (Oct. 26, 1998).

{¶ 14} In *State v. Williams,* 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 26, the Supreme Court of Ohio stated the following:

Our decisions in *Mosely* [*v. Echols,* 62 Ohio St.3d 75, 578 N.E.2d 454 (1991)]*, Holdcroft* [*State v.,* 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382]*,* and *Rogers* [*State v.,* 143 Ohio St.3d 385, 2015-Ohio-2459,

38 N.E.3d 860] establish that when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of res judicata.  *See Holdcroft* at ¶ 8-9.

{¶ 15} In the case sub judice, the trial court found the offenses were not allied offenses and sentenced appellant to separate sentences.  Appellant timely appealed and assigned the issue as error.  This court disagreed with appellant's arguments and overruled the assignment.  The Supreme Court of Ohio declined to accept the appeal for review.  *State v. Crum,* 85 Ohio St.3d 1406, 706 N.E.2d 788.  As a result, appellant is barred from relitigating the issue under the doctrine of res judicata.  As stated by the Supreme Court of Ohio in *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief.  The *Perry* court explained the doctrine at 180-181 as follows:

Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant

at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

{¶ 16} Although appellant argued in his June 8, 2017 motion that the motion was not a petition for postconviction relief, "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds,* 79 Ohio St.3d 158, 679 N.E.2d 1131, syllabus.

{¶ 17} In addition, appellant's filing did not meet the requirements of R.C. 2953.23(A)(1) as it was untimely under R.C. 2953.21(A)(2) and was a successive petition.

{¶ 18} Upon review, we find the trial court did not err in summarily denying appellant's "motion."

{¶ 19} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.


EEW/db 121