[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Donald Sullivan, L.L.C. v. Reynolds*, Slip Opinion No. 2026-Ohio-596.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-596

DONALD SULLIVAN, L.L.C., APPELLANT, *v.* REYNOLDS, WARDEN, APPELLEE.[1]

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Donald Sullivan, L.L.C. v. Reynolds*, Slip Opinion No. 2026-Ohio-596.]**

*Habeas corpus—Notice of change of address filed by appellant and "Offender Search" webpage of Ohio Department of Rehabilitation and Correction establish that appellant is no longer incarcerated—Appeal from court of appeals' dismissal of petition dismissed as moot.*

(No. 2025-0830—Submitted December 9, 2025—Decided February 25, 2026.)

APPEAL from the Court of Appeals for Ashtabula County,

No. 2025-A-0007, 2025-Ohio-1903.

_____

_____

1. Sullivan named Misty Mackey, who was then the warden of the Lake Erie Correctional Institution, as the respondent in this action.  Stephen Reynolds has replaced Mackey as the institution's warden and therefore is automatically substituted for her as the appellee in this case.  *See* S.Ct.Prac.R. 4.06(B).

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Donald Sullivan, appeals the judgment of the Eleventh District Court of Appeals dismissing his petition for a writ of habeas corpus. Because Sullivan's own filings, combined with extrinsic evidence, establish that he is no longer incarcerated, we dismiss his appeal as moot.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} Sullivan filed his petition for a writ of habeas corpus on January 30, 2025, seeking his immediate release from the Lake Erie Correctional Institution ("LAECI") and naming LAECI's warden as the respondent. The petition is not a model of clarity; however, it boils down to the assertion that Sullivan is entitled to immediate release because he, as a "real man" or "sovereign," is not a "person" subject to the laws or jurisdiction of Ohio (or, indeed, of any state). In Sullivan's view, although the "fictitious entity" he calls the "Transmitting Utility" (a type of strawman-Sullivan) might be subject to such jurisdiction, the "real" Sullivan cannot be held as "surety" for that fictitious entity.

{¶ 3} The warden filed a motion to dismiss the petition or, in the alternative, for summary judgment, on both procedural and substantive grounds. The warden argued that Sullivan had failed to comply with the mandatory filing requirements of R.C. 2969.25(C) (providing that when an inmate files in the court of appeals a civil action against a government entity or employee and seeks waiver of the filing fees, the inmate must file an affidavit containing certain statements) and that Sullivan had raised frivolous "sovereign citizen" arguments that the court should not entertain. The Eleventh District agreed and granted the motion and dismissed the petition.

{¶ 4} Sullivan filed a notice of appeal to this court on June 23, 2025. Then, on July 21, he filed a notice of change of address, requesting that future filings be sent to his "new address"—a residence in Cleveland. Both parties filed merit briefs, but Sullivan did not file a reply brief.

**ANALYSIS**

{¶ 5} A writ of habeas corpus "is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison." *Larsen v. State*, 2001-Ohio-133, ¶ 4, citing *Douglas v. Money*, 1999-Ohio-381, ¶ 11. "If a habeas corpus petitioner seeking release is subsequently released, the petitioner's habeas corpus claim is normally rendered moot." *Id.*

{¶ 6} The warden argues that Sullivan's appeal is moot because Sullivan has been released from prison and is now serving a term of postrelease control. For support, the warden points to Sullivan's notice of change of address and to a webpage maintained by the Ohio Department of Rehabilitation and Correction ("ODRC"). In the notice of change of address, which Sullivan filed on July 21, 2025, he indicates that LAECI is his "former address" and requests that all future filings be sent to a residential address in Cleveland. The ODRC's "Offender Search" webpage indicates that Sullivan began a period of supervised release on July 16, 2025. *See* Ohio Department of Rehabilitation and Correction, *Offender Details: Donald Sullivan*, https://appgateway.drc.ohio.gov/OffenderSearch /Search/Details/A790378 (accessed Jan. 16, 2026) [https://perma.cc/QS2C-M9D6].

{¶ 7} The warden asks this court to take judicial notice of the ODRC webpage under Evid.R. 201(B). That rule permits a court to take judicial notice of a fact "not subject to reasonable dispute," including a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Notably, Sullivan did not file a reply brief or a response to the

warden's request for judicial notice; thus, he does not dispute that he is no longer incarcerated.

{¶ 8} Although the ODRC webpage is outside the record in this case, "[a]n event that causes a case to become moot may be proved by extrinsic evidence outside the record," *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis*, 2002-Ohio-7041, ¶ 8. And we have previously taken judicial notice of the ODRC's "Offender Search" webpage. *See, e.g.*, *State v. Bates*, 2022-Ohio-475, ¶ 28 ("We take judicial notice that [the appellant] has been released from prison on the charges relevant to this appeal . . . ."). Indeed, in *State ex rel. Brown v. Dept. of Rehab. & Corr.*, we dismissed as moot an appeal in a mandamus case because, "according to the ODRC's Offender Search website," the appellant had been released from prison and was serving a term of postrelease control. 2014-Ohio-2348, ¶ 2-3.

{¶ 9} We do the same here. Together with Sullivan's notice of change of address, the ODRC webpage establishes that he is no longer incarcerated. Given that Sullivan asked in his habeas petition only for his "immediate release" from LAECI, his request for a writ of habeas corpus is moot and, consequently, so is his appeal.

## CONCLUSION

{¶ 10} For these reasons, we dismiss as moot Sullivan's appeal from the Eleventh District Court of Appeals' dismissal of his petition for a writ of habeas corpus.

Appeal dismissed as moot.

_____

Donald Sullivan, pro se.

Dave Yost, Attorney General, and Katherine E. Mullin, Assistant Attorney General, for appellee.

_____